UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
JAMES MAURICE KEARSE,               :
                                    :
        Petitioner,                 :    Civ. No. 18-14191 (NLH)
                                    :
    v.                              :    OPINION
                                    :
RECORDS SUPERVISOR,                 :
                                    :
        Respondent.                 :
_____ :

APPEARANCE:
James Maurice Kearse, No. 33223-057
FCI - Fort Dix
Inmate Mail/Parcels
East: P.O. Box 2000
Fort Dix, NJ 08640
    Petitioner Pro se

HILLMAN, District Judge

    Petitioner James Maurice Kearse, a prisoner presently incarcerated at the Federal Correctional Institution ("FCI") in Fort Dix, New Jersey, filed this petition for writ of habeas corpus under 28 U.S.C. § 2241, which appears to challenge the legality of his imprisonment. See ECF No. 1. At this time, the Court will review the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases (amended Dec. 1, 2004), made applicable to § 2241 petitions through Rule 1(b) of the Habeas Rules. See also 28 U.S.C. § 2243. For the reasons set forth below, the Court will dismiss the Petition for lack of jurisdiction.

## I. BACKGROUND

On February 26, 2016, a federal criminal complaint was lodged against Petitioner in the U.S. District Court for the Eastern District of Virginia for possession with the intent to distribute heroin in violation of 21 U.S.C. § 846. No. 3:16-cr-41, ECF No. 1 (E.D. Va.) (originally filed as No. 3:16-mj-56). Also on that day, a warrant was issued for Petitioner's arrest. Id., ECF No. 2. A few days later, on March 4, 2016, Petitioner was arrested on that warrant in High Point, North Carolina, within the U.S. District Court for the Middle District of North Carolina. See No. 1:16-mj-45 (M.D.N.C.). Pursuant to Federal Rule of Criminal Procedure 5, an initial appearance was held in the Middle District of North Carolina, in which Petitioner was appointed counsel, waived his right to a preliminary or detention hearing in his district of arrest with the right to proceed to those hearings in the prosecuting district, and was committed to the Eastern District of Virginia. Id., ECF Nos. 2, 3, 4.

After transport to the Eastern District of Virginia, an indictment was returned against Petitioner for possession with intent to distribute on March 16, 2016. No. 3:16-cr-41, ECF No. 5 (E.D. Va.). A few days later, on March 23, 2016, Petitioner had an initial appearance in the Eastern District of Virginia on the indictment, where he was appointed local counsel and ordered

2

detained pending a detention hearing.  Id., ECF Nos. 7 (minute entry), 8 (CJA appointment), 9 (detention order).  Petitioner then waived his right to a detention hearing before one could be held.  Id., ECF No. 11.  A few months later, Petitioner decided to plead guilty, and the Court held a change of plea hearing in which it accepted Petitioner's guilty plea on Count 1 of the indictment.  Id., ECF Nos. 14 (minute entry), 15 (Rule 11 waiver), 17 (plea agreement).  The plea agreement contained a waiver of the right to directly appeal the conviction and any sentence within the statutory maximum.  Id., ECF No. 17 at 4.  It did not contain a collateral attack waiver.

After Petitioner entered a plea of guilty, the Court noticed its intent to vary or depart upwardly from the otherwise applicable guideline range based on Petitioner's criminal history, the need to promote respect for the law, and the need to provide adequate deterrence to criminal conduct.  Id., ECF No. 26.  Both parties provided sentencing memoranda on this and other issues.  Id., ECF Nos. 27, 28.  At the sentencing held on August 26, 2016, the Court granted its sua sponte upward variance, increased Petitioner's criminal history category from a III to a IV, and sentenced Petitioner to seventy-one (71) months imprisonment followed by three (3) years of supervised release.  See id., ECF Nos. 29 (minute entry), 30 (judgment of conviction).  Petitioner did not file an appeal.  He also did

3

not file a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

Petitioner filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on September 16, 2018. No. 18-cv-14191, ECF No. 1 (D.N.J.). In the Petition, Petitioner provides ample citation of historical authority regarding the remedy of habeas corpus. Relevant to his situation, however, Petitioner provides as follows:

> Your aggrieved Citizen complainant and petitioner herein has no other remedy save exercise of the citizen's Privilege of the Writ of habeas corpus for reason respondent a citizen and/or staff person having his principal place of employment within the State of New Jersey purports to use without restraint nor accountability to the Federal Constitution's 14th and 13th Amendments guarantee of liberty and freedom unlawful restraint and subjugation to involuntary servitude commerce and federal laws making human trafficking: transporting of citizens from one state to another for forced servitude in debt collection and law enforcement for Others' debts and governments' security, is executed unliterally without notice nor opportunity to be heard in opposition provide aggrieved citizen. No laws nor judicial process is claimed nor purported to even be followed by respondent for impressment of the restraint of aggrieved citizen's liberty.
>
> . . .
>
> [T]his Court as a Federal District Court has original jurisdiction for cognization of all injuries to Citizens of The United States' personal civil right of liberty within a State that arises from State acts beyond the Federal limits that is unconstitutional on its face as a Case and/or Controversy. In the instant civil rights action, the respondent a citizen of and/or a Staff employee whose principal office of business in, the State of New Jersey, purports a Power

4

> to lawfully use in private the full coercive police
> Powers of the State of New Jersey to restraint out of
> State citizen complainant and petitioner; 14th and
> 13th Amendments' guaranteed federal civil right of
> liberty at respondent's arbitrary pleasure personal
> enrichment and private profits derived from
> permanently incarcerating out of State citizens at
> "Joint Based Mcguire-Dix-Lakehurst."

Id. at 6-7. Petitioner goes on to state that he is and has always been a citizen of the State of North Carolina, and is not, nor has ever been a resident of or domiciled in the State of New Jersey. Id. at 8. He states that he has "not voluntarily traveled to the State of New Jersey," "was brought here in chains and manacles of iron in unmarked Vehicles driven by uniformless Strangers," and is not, nor has he ever been, "in receipt of service of process nor any judicial process giving notice of the Power and nature of [his] captivity within the State of New Jersey." Id. at 8. From these statements, it appears that Petitioner may be challenging his physical transfer after his conviction in the Eastern District of Virginia to a federal prison in New Jersey for the service of his sentence or the legality of his confinement in general. In addition, Petitioner references an "isolation cell," which the Court construes to be a challenge to his housing placement at FCI Fort Dix. Id. at 6.

As for his relief, Petitioner requests that the writ be issued and that the laws of the State of North Carolina, which

he describes have having been "stripped by the federal government," be lawfully enforced within the State of New Jersey. Id. at 13.

II. DISCUSSION

   A. STANDARD OF REVIEW

   Title 28, section 2243 of the U.S. Code, provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition must be construed liberally. See Hunterson v. DiSabato, 308 F.3d 236, 243 (3d Cir. 2002). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Denny v. Schult, 708 F.3d 140, 148 n.3 (3d Cir. 2013); see also 28 U.S.C. §§ 2243, 2241, 2254.

   B. ANALYSIS

   Construing the Petition liberally, Petitioner may be seeking to challenge his housing placement within FCI Fort Dix,

see ECF No. 1 at 6 ("isolation cell"), the fact that he has been transferred from his home state of North Carolina to a federal prison located in New Jersey, see id. at 5 ("transporting . . . from one state to another for forced servitude;" at 7 ("incarcerating out of State citizens at" FCI Fort Dix), or the legality of his conviction as he asserts that he is being confined without notice and due process of law, see id. at 6 ("No laws or judicial process is claimed nor purported to even be followed by respondent for impressment of the restraint of aggrieved citizen's liberty). The Petition must be summarily dismissed, however, because the Court lacks jurisdiction over any of these claims brought pursuant to 28 U.S.C. § 2241.

Section 2241 provides, in relevant part:

> (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. The order of a circuit judge shall be entered in the records of the district court of the district wherein the restraint complained of is had.
>
> (c) The writ of habeas corpus shall not extend to a prisoner unless—
>
>> (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
>>
>> . . .
>>
>> (3) He is in custody in violation of the Constitution or laws or treaties of the United States;

28 U.S.C. § 2241(a), (c). A habeas petition brought pursuant to § 2241 is the appropriate way for a federal prisoner to

challenge the execution of his or her sentence. See Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001). Challenges to the "execution" of a sentence involve the calculation of the sentence and length of confinement, including the application or revocation of jail or good time credits, the denial of parole, and changes to the level of a prisoner's custody status akin to a "quantum change," such as release to a residential reentry center or to probation. See Coaxum v. Zickefoose, No. 10-cv-6115, 2011 WL 765984, at *1-2 (D.N.J. Feb. 24, 2011) (citing various Supreme Court and Third Circuit cases).

To the extent that Petitioner is challenging his housing placement within FCI Fort Dix, such a claim is in reality a challenge to his conditions of confinement not the execution of his sentence and must be brought as a civil rights claim pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). See Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002) ("[W]henever the challenge ultimately attacks the 'core of habeas' — the validity of the continued conviction or the fact or length of the sentence — a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is

8

appropriate."); Coaxum, 2011 WL 765984, at *2 (holding that court lacks jurisdiction over § 2241 habeas petition that sought to challenge petitioner's placement in the segregated housing unit). As such, the Court lacks jurisdiction over this claim brought pursuant to § 2241. Petitioner may wish to bring a conditions of confinement claim in a civil rights action, and the Court will direct the Clerk's Office to provide Petitioner with a blank civil rights complaint form.

To the extent that Petitioner is challenging his transfer from his initial custody in the State of North Carolina, his home state, through his conviction in the Eastern District of Virginia, and ultimately to his confinement in a federal prison located in the State of New Jersey, the Court also lacks jurisdiction over such a challenge. A prisoner's simple or garden variety transfer from BOP facility to another is not cognizable in a § 2241 habeas petition. See Ganim v. Fed. Bureau of Prisons, 235 F. App'x 882, 883 (3d Cir. 2007) (challenge to simple or garden variety transfer not cognizable in habeas). In Ganim, the Third Circuit differentiated between the sort of transfer claims that can be brought in a § 2241 petition, like those where a petitioner's judgment of conviction ordered confinement in a community treatment center but the petitioner was housed in a secure prison, see, e.g., United States v. Jalili, 925 F.2d 889 (6th Cir. 1991), with the

9

transfer at issue in Ganim, where the prisoner simply sought to be transferred to a federal prison in his home state. The Third Circuit explained that in a case like Jalili, the petitioner is actually challenging the execution of the terms of his sentence because the judgment of conviction ordered that the petitioner must serve his ten month sentence at a community treatment center. Ganim, 235 F. App'x at 884 (citing Jalili, 925 F.2d at 891-92). Here, Petitioner's judgment of conviction does not order his imprisonment in a specific BOP facility or type of facility, although, as is the usual practice, it recommends placement at a facility near his family. The Bureau of Prisons is vested with the authority to determine the location of a federal inmate's imprisonment, see 18 U.S.C. § 3621(b), and absent an order contained in Petitioner's judgment of conviction that he must serve his sentence in a BOP facility in North Carolina, the Court lacks jurisdiction over such a claim.

Finally, to the extent that Petitioner is challenging the legality of his confinement and thus conviction, given that he alleges that he is being held without notice or due process of law and that he is not subject to the laws of New Jersey, the Court lacks jurisdiction of such a claim. As noted by the Court of Appeals for the Third Circuit in In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997), a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 has been the "usual

avenue" for federal prisoners seeking to challenge the legality of their confinement. See also Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); United States v. McKeithan, 437 F. App'x 148, 150 (3d Cir. 2011); United States v. Walker, 980 F. Supp. 144, 145-46 (E.D. Pa. 1997).

Section 2255, however, contains a safety valve where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention." See 28 U.S.C. § 2255(e). In Dorsainvil, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." Dorsainvil, 119 F.3d at 251.

The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent limitations or gatekeeping requirements of § 2255. Id. To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that,

based upon an intervening interpretation of the statute of conviction by the Supreme Court of the United States, may not have been criminal conduct at all. Id. at 251-52.

The Third Circuit subsequently emphasized the narrowness of its Dorsainvil holding when it rejected a district court's conclusion that § 2255 was "inadequate or ineffective" to address a claim based on Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), an intervening decision which held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." See Okereke, 307 F.3d at 120-21 (in which the petitioner had been sentenced based upon a drug quantity determined at sentencing by a judge using the preponderance of evidence standard). The mere fact that a claim is time barred does not render § 2255 an inadequate or ineffective remedy. See Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002).

Under Dorsainvil and its progeny, this Court can exercise § 2241 jurisdiction over this Petition if, and only if, Petitioner demonstrates: (1) his "actual innocence," (2) as a result of a retroactive change in substantive law that negates the criminality of his conduct, (3) for which he had no other opportunity to seek judicial review. See Dorsainvil, 119 F.3d

at 251-52; Cradle, 290 F.3d at 539; Okereke, 307 F.3d at 120; Trenkler v. Pugh, 83 F. App'x 468, 470 (3d Cir. 2003).

Here, Petitioner's claims do not fall within the Dorsainvil exception. Specifically, he does not allege that he had no earlier opportunity to challenge his conviction or his confinement, for a crime that an intervening change in the substantive law may negate. Instead, Petitioner's claim is only to contest the legality of his detention in New Jersey.

Based on the foregoing, the Court finds that it lacks jurisdiction under § 2241 over the Petition. Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. Since he has not previously filed a § 2255 petition, Petitioner may choose to pursue that remedy in his district of sentencing.

The Court finds that it is not in the interests of justice to transfer this habeas Petition, however, because the Petition appears time barred given the date of Petitioner's judgment of conviction in 2016. Petitioner is free to file a motion to vacate, set aside, or correct sentence pursuant to § 2255 in the U.S. District Court for the Eastern District of Virginia on his own.

III. CONCLUSION

For the foregoing reasons, the Petition will be summarily dismissed due to a lack of jurisdiction.  An appropriate order will be entered.


Dated: December 21, 2018                s/ Noel L. Hillman
At Camden, New Jersey                   NOEL L. HILLMAN, U.S.D.J.